**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MAC FUNDING CORPORATION,                    )
                                            )
            Plaintiff,                      )        No. 10-cv-1743
                                            )
v.                                          )        Hon. Sharon Johnson Coleman
                                            )
FIVE STAR LASER, INC., PRO-FORM, INC.,      )
AND THOMAS J. GRZYWACZ, Jr.,                )
                                            )
            Defendants.                     )


## MEMORANDUM OPINION AND ORDER


Plaintiff, MAC Funding ("MAC"), brought this civil action against defendants, Five Star

Laser, Inc. ("FSL"), Pro-Form, Inc. ("Pro-Form"), and Thomas J. Grzywacz ("Grzywacz").

Defendants contend that the action should have been brought in Michigan and have brought a

motion to dismiss for lack of personal jurisdiction and improper venue.


## BACKGROUND


On September 30, 2004, FSL entered into an Equipment Lease Agreement ("Lease")

with MAC to finance the purchase of one Mitsubishi brand laser system and related accessories

("Equipment"). That same day, Pro-Form and Grzywacz separately executed a continuing

guaranty. Both Pro-Form and Grzywacz jointly and severally guaranteed to MAC the full and

prompt performance of all of FSL's obligations under the lease. The lease required FSL to make

monthly payments to MAC. FSL failed to make the required monthly payments under the lease.

MAC also alleges FSL wrongfully permitted Pro-Form to move and take possession of the equipment in breach of the lease. MAC has listed four counts in their Complaint including, Claim on Lease, Breach of Contract vs. Pro-Form Guaranty, Breach of Contract vs. Grzywacz Guaranty, and Conversion.[1] MAC alleges FSL is in default of its lease and asks for judgment in the amount of $399,105.80,[2] the additional interest as provided in the lease, administrative costs, attorney's fees, and any further relief the court deems just and equitable.


## STANDARD OF REVIEW


Upon reviewing a motion to dismiss, the court considers all facts in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1001 (7th Cir. 2004). A defendant's motion to dismiss the complaint under *Federal Rule of Civil Procedure 12(b)(2)* for lack of personal jurisdiction places the burden upon the plaintiff to demonstrate the existence of jurisdiction. *Fed.R.Civ.P. 12(b)(2).*

Affidavits from both parties may be considered when the court is deciding a motion to dismiss for lack of personal jurisdiction. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Moreover, the court draws all reasonable inferences in favor of the plaintiff and resolves all conflicts in the affidavits. *Id.* "Once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must then go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research*

---

[1] Count V of the complaint for injunctive relief was voluntarily dismissed by MAC prior to defendants filing its motion to dismiss.

[2] MAC listed this amount as FSL's total due and owing as of March 19, 2010.

*Foundation v. Sanofi-Sythelabo*, 338 F.3d 773, 783 (7th Cir. 2003).


**<u>ANALYSIS</u>**


Defendants in this action challenge plaintiff's claim on the grounds that this court lacks personal jurisdiction and is an improper venue. Interestingly, defendants fail to mention that they each signed contracts featuring an explicit Illinois forum and venue selection clause. Although defendants may have an argument for lack of personal jurisdiction based on "minimum contacts", it is dwarfed by their signed consent to the forum of Cook County, Illinois, located not only in the lease, but also in both signed guaranties.

Illinois law concerning the validity of forum selection clauses is materially the same as federal law. *Calanca v. D & S Mfg. Co*., 510 N.E.2d 21, 23 (Ill. App. Ct. 1987). A forum selection clause in a contract is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 92 (1972). A forum selection clause is invalid if it was procured by fraud or another recognized reason for invalidating a contractual provision. *Northwestern National Insurance Co. v. Donovan*, 916 F.2d 372, 377 (7th Cir. 1990). The Seventh Circuit Court of Appeals has made clear that a forum selection clause is to be treated "like any other contractual provision and hence to enforce it unless it is subject to any of the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to enforce a contract, or unless it does not mean what it seems to mean..." (*IFC Credit Corp. v. Aliano Bros. General Contractors, Inc*., 437 F.3d 606, 609-10 (7th Cir. 2006) (citing *Northwestern*, 916 F.2d at 375).

Defendants rely on *Mellon First United Leasing v. Hansen*, 705 N.E.2d 121 (Ill. App. Ct. 1998), to underscore Illinois' stance on the validity of forum selection clauses "is more lenient toward the defendant than the federal law when there is a significant inequality of size or commercial sophistication between the parties, especially if the transaction is so small that the unsophisticated party might not be expected to be careful about reading boilerplate provisions that would come into play only in the event of a lawsuit, normally a remote possibility." *Mellon,* 705 N.E.2d 121 (citing *IFC Credit Corp. v. Aliano Bros. General Contractors, Inc.,* 437 F.3d 606, 611 (7th Cir.2006)). *Mellon* lists certain factors that Illinois courts consider regarding forum/venue selection clauses, including: "(1) which law governs the formation and construction of the contract: (2) the residency of the parties involved; (3) the place of execution and/or performance of the contract; (4) the location of the parties and witnesses participating in the litigation; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for." *Mellon*, 705 N.E.2d at 125 (citing *Dace Intern., Inc. v. Apple Computer, Inc.*, 655 N.E.2d 974 (Ill. App. Ct. 1995)). Finally, *Mellon* suggests another factor to consider is whether the contract involves an unsophisticated consumer in a small transaction in the marketplace. *Id.*

Defendant's reliance upon *Mellon* is misplaced. The defendant in *Mellon* leased a postage meter for $135.30 per month in order to start her tiny, solo business rendering services as a certified public accountant. Conversely, defendants in the instant case are two corporations and a personal guarantor for a corporate transaction who also works as a partner in a Detroit-area accounting firm. Defendant's lease financed an industrial grade laser machine for $7, 622.49 per month for 84 months - a total of $640,289.16. Additionally, defendants submitted a business plan to MAC in an effort to obtain financial approval. Decl. of J. Nickel ¶¶5-7. Defendants

successfully negotiated the financing terms, demanding and obtaining changes to the terms including the duration of the loan. Decl. of J. Nickel ¶8. Although defendants took the liberty to bargain for the duration of their loan, they chose not to bargain for the forum in the event of a lawsuit. The Court disagrees that any party to this action is similar to an ordinary consumer. Therefore, defendants are expected to be careful about reading contracts in their entirety. In both proper substance and form, defendants were put on notice of the forum selection clause located in the lease as well as the one-page guarantor form.

Now, defendants argue in their Reply Brief that the Forum Selection Clause should not be enforced. Defendants encourage the Court to not enforce that clause of the contract, even though they bargained, consented, and signed off on it, due to plaintiff's form being pre-printed. Defendants seek to evidence the forms pre-printing as the making of a boilerplate agreement. This argument has no merit. The Court finds no basis to invalidate the contract, as the Seventh Circuit Court of Appeals rejected the argument that a court need not strictly enforce such a forum selection clause. *See Robert & Schaefer Co. v. Merit Contracting, Inc*., 99 F.3d 248 (7th Cir. 1996).

The court recognizes each party's preference to litigate in their home forum. Where two distinct forums exist between parties, and either party would be inconvenienced by litigation occurring outside of the home forum, a forum selection clause in a signed contract will be deemed valid if no unequal bargaining power existed at the time of the signing. *M/S Bremen*, 407 U.S. at 18. Forum selection clauses are *prima facie* valid, and the party opposing enforcement is required to show that litigation in the contractual forum will be so burdensome that there will be no real opportunity to litigate, "and that enforcement of the clause is tantamount to depriving the plaintiff access to the courts." *Dace Intern*, 655 N.E.2d at 977 (citing *Calanca*, 510 N.E.2d 21).

Defendants have failed to meet their burden. Accordingly, the Court does not find the commute from Michigan to Illinois so burdensome as to deprive defendants of their day in court.

While a party is often able to show an inconvenience to litigating in a particular forum, it has regularly been denied as a basis for voiding an otherwise valid forum selection clause. *Dace Intern* clarifies that "the question is not the most convenient place for trying these suits; it is whether the defendants consented to being sued in a particular forum and by doing so waived their right to object to the jurisdiction of the courts over them." *Dace Intern*, 655 N.E.2d at 978 (citing *Northwestern*, 916 F.2d at 376).

Defendant's argument regarding a lack of minimum contacts is futile in light of their consent. Each defendant can and should be reasonably expected to be hailed into this Court without offending notions of fair play and justice because they signed a contract to which they had equal bargaining power. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-75 (1985).


Defendants additionally seek dismissal based on improper venue pursuant to 28 U.S.C. §1406, but spend little time arguing the point. The Court will not say much either, other than that irrespective of the contractual agreement to the venue of this Court, venue is proper because a "substantial part" of events giving rise to MAC's claim occurred in the venue and MAC's principal place of business is in the venue. *Interlease Aviation Investors v. Vanguard Airlin., Inc*., 262 F. Supp 2d 898, 913 (N.D. Ill.2003).

Here, defendants make no claim of fraud or duress. FSL negotiated a contract which clearly stipulates to an Illinois forum selection clause. Pro-Form and Grzywacz guaranteed FSL's obligations, and in both their guaranty forms consented to binding Illinois forum selection clauses. The Court believes interfering with valid contract provisions would violate strong public

policy. Although an Illinois forum may not be optimal for the defendants and they do not have many contacts with this state, litigating in Illinois would not be unconstitutional, grossly burdensome, nor would it deprive defendants of their day in court.

For the above reasons, Defendant's Motion to Dismiss the Complaint is DENIED.

Dated: October 28, 2010

Hon. Sharon Johnson Coleman
United States District Court